## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW McSHANE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:21-1505** |
| **v.** | : | **(JUDGE MANNION)** |
| **KEN MORRIS, MONROE COUNTY SHERIFF, _et al_.,** | : | |
| | : | |
| **Defendants** | | |

## <u>MEMORANDUM</u>

## I.    BACKGROUND[1]

On August 31, 2021, plaintiff Matthew McShane, "of the lawful Clan McShane", filed _pro se,_ "in his lawful capacity as beneficiary of the Public Estate Trust entitled "MATTHEW MCSHANE", a so-called "Petition for Quia Timet Injunction" and "Estoppel of Void Writ of Eviction", seemingly alleging violations of his constitutional rights under 42 U.S.C. §1983, against defendants Ken Morris, Sheriff of Monroe County, Pennsylvania, the Monroe County Sheriff's Department, and its "Deputies, Agents and Assigns", as well as Monroe County. (Doc. 1). Plaintiff paid the filing fee. The court liberally

---

[1]The plaintiff filed Exhibits with his Petition which the court has also utilized to glean the relevant factual background of this case.

construes plaintiff's *pro se* filing to be an Emergency Motion for a Preliminary Injunction to stop the Monroe County Sheriff from evicting him on September 5, 2021, i.e., 10 days after he was served with the Sheriff's Notice for plaintiff to vacate his former premises located at 935 Gilbert Road, Effort, Pennsylvania.

Plaintiff's filing appears to be in regards to a Monroe County Court Upset Tax Sale in which a judgment was obtained against plaintiff for possession of his Gilbert Road property. After the judgment was entered against plaintiff, it appears that a Sheriff's Sale of his property was held and that Anthony Malinowski and Marek Tchorzewski purchased the property. The purchasers then obtained a Writ of Possession for the property in the Monroe County Court directing the Sheriff's Office to deliver possession of the stated property to the purchasers "[t]o satisfy the judgment of possession." *See* Monroe County Court No. 6725 Civil 2020. (Doc. 1-1). Plaintiff now alleges that he is still the lawful owner of the real property located at 935 Gilbert Road Effort, Pennsylvania, ("subject property"), despite the fact that his property was seemingly sold at a Sheriff's Sale. More recently, on August 26, 2021, he was ordered to vacate the premises within 10 days. The Notice served upon plaintiff by the Sheriff's Office also indicates that "the law authorizes [the Sheriff] to use, and [he] must use, such force as

may be necessary to enter upon the property, …, and to eject [plaintiff] and all unauthorized occupants."

Plaintiff is construed as seeking injunctive relief to prevent his eviction from the subject property. Since plaintiff essentially seeks an injunction to prevent his September 5, 2021 eviction from the subject property, this case was referred to the undersigned as an emergency matter.

The jurisdiction of this court over this case appears to be requested pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) because plaintiff is deemed as averring violations of his constitutional due process rights under the Fourth and Fourteenth Amendments of the U.S. Constitution. Venue is appropriate in this court since the alleged unlawful conduct occurred in this district and all parties are located here. *See* 28 U.S.C. §1391.

After reviewing plaintiff's filings, the court will deny plaintiff's request for immediate injunctive relief. The court also will dismiss plaintiff's due process claims relating to his eviction with prejudice for lack of jurisdiction.


## II. STANDARDS

### A. Section 1983

To state a claim under section 1983, a plaintiff must meet two threshold requirements: 1) that the alleged misconduct was committed by a person

3

acting under color of state law; and 2) that as a result, she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If a defendant fails to act under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk Cnty. v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also* Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(citing *Rode* ). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

## B. Injunctive Relief

The grant of injunctive relief, including preliminary injunctive relief, is an extraordinary remedy and it should only be granted in limited

circumstances. Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426–27 (3d Cir. 1994) (quoting Frank's GMC Truck Cent., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)) (alterations in original). The court's ultimate decision to deny a preliminary injunction is discretionary, though legal and factual determinations will be reviewed according to their normal standard. *See* Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 156 (3d Cir. 2002).

In order to obtain a preliminary injunction, the moving party must demonstrate the following:

> (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest.

*Id.* at 1427 (quoting Merchants & Evans, Inc. v. Roosevelt Bldg. Prods., 963 F.2d 628, 623–33 (3d Cir. 1992)). More specifically, the third prong requires a balancing of harms between the plaintiff and the defendant and a finding that the balance favors the plaintiff's request for relief. *See* Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 131 (3d Cir. 2017).

"The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *Id.* Moreover, it is only if the first two prongs are satisfied that the court

must inquire into the final two factors. Tenafly, 309 F.3d at 157. Thus, "a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litig., 689 F.2d 1137, 1143 (3d Cir. 1982). However, if a plaintiff proves the first two requirements, it will almost always be the case that the public interest favors preliminary relief, Issa, 847 F.3d at 143, leaving the crux of the matter to the balance of competing interests.


III.   **DISCUSSION**

Although not artfully written, plaintiff appears to claim in his Petition that his constitutional rights under the Fourth and Fourteenth Amendments were violated by the selling of his property at a Monroe County Tax Sale without due process.[2]

---

[2]"The seizure of property implicates two explicit textual sources of constitutional protection, the Fourth Amendment and the Fifth." U.S. v. James Daniel Good Real Prop., 510 U.S. 43, 50, 114 S.Ct. 492 (1993) (the court noted that the Fourth Amendment applied to the seizure of a four-acre parcel of land with a house); Soldal v. Cook County, Illinois, 506 U.S. 56, 70, 113 S.Ct. 538 (1992) (court held that a "seizure ... occurs when 'there is some meaningful interference with an individual's possessory interests in that property' "). Plaintiff's claims under the Fourth Amendment are applicable to the actions of the state *via* the Fourteenth Amendment.

As discussed above, the alleged facts in the Petition and Exhibits indicate that Anthony Malinowski and Marek Tchorzewski purchased the subject property at a Tax Sale in 2019, and then obtained a Writ of Possession in Monroe County Court on August 24, 2021 for the subject property which directs the Sheriff to deliver possession of the property to them as lawful owners of the property. The Monroe County Sheriff's Office then notified plaintiff on August 26, 2021 that he must vacate the property by September 5, 2021, or that he, and all other occupants, will be physically ejected from the property. Plaintiff states that he is "in fear for [his] life and the life of [his] young progeny due to imminent threat of harm by the [Sheriff] … to use deadly weapons [on September 5, 2021] to evict [them] from [their] non-commercial shelter and steal [his] interest in Estate Property in the continuing conspiracy by Public Servants to deprive [him] of [his] equitable rights to said property by the use of color of law." (Doc. 1 at 1). Plaintiff also claims that the Writ of Eviction is a "Void" document and that "[n]o hearing was ever held to lawfully seize Estate [subject] Property prior to an Upset Tax Sale [on September 11, 2019]". Plaintiff thus alleges that the Tax Sale of his property in Monroe County was "unlawful" and that all of his attempts to "correct the record" were ignored.

7

Plaintiff also indicates that he recently filed an action against the Sheriff on August 11, 2021 in Monroe County Court regarding his "Estate Property" and, thus he claims that he has tried to address the matter "without relief or remedy 'at law' in the [County Court]." Plaintiff does not indicate the outcome, if any, of his recent state court action, filed only 20 days before he filed his instant Petition with federal court, which was seemingly filed to stay his eviction.

As such, plaintiff seeks this federal court to protect his alleged "equitable interest in Estate Property" and to enjoin the Sheriff and his Deputies from evicting him and his family from the Gilbert Road property.

Plaintiff also requests this court to issue an injunction order against the Sheriff as "an estoppel to his impending threat of physical harm to life and limb and Levy of property interests" since his property was allegedly sold at an "unlawful" Tax Sale without his consent and without just compensation. As stated, plaintiff is scheduled to be evicted from the property on September 5, 2021, if he refuses to voluntarily leave the premises. Indeed, plaintiff will only be allegedly in threat of harm from the Sheriff Deputies if he refuses to leave the property on his own accord as he has been directed to do in the Notice issued to him by the Sheriff's Office. Thus, no harm to either plaintiff or his family is "imminent" since he has the option of obeying the Notice which

was issued after the Writ of Possession was filed on August 24, 2021 with the County Court. Plaintiff will still be able to pursue his legal remedies, including his recent August 11, 2021 action he filed in Monroe County Court, and to continue his challenge to the Tax Sale of the property in state court after he vacates the property in a timely manner and while avoiding any confrontation with the Sheriff's Office.

The court finds that plaintiff has not shown a likelihood of success on the merits since he has adequate state court remedies to challenge the Tax Sale and the Writ of Possession, as well as his upcoming eviction from the property, in Monroe County Court. Pennsylvania Rule of Civil Procedure 3132 allows a party to set aside a sale. This procedure is "grounded in equitable principles and is addressed to the sound discretion of the hearing court." Kaib v. Smith, 684 A.2d 630, 631 (Pa. Super. Ct. 1996). If the judgment entered is void, the sale will also be declared void. Harris v. Harris, 239 A.2d 783, 784–85 (Pa. 1968). In addition, a sale may be set aside where there are irregularities and deficiencies in the sale, including defects in advertisement. *See* Hampton v. Swan, 109 A. 674 (Pa. 1920); Allegheny Cty. v. Golf Resort, Inc., 974 A.2d 1242, 1246 (Pa. Commw. Ct. 2009). Thus, to deem the harm of the Tax Sale "irreparable" would ignore the post-deprivation safeguards provided to the plaintiff under Pennsylvania law.

The plaintiff will be able to continue to file motions, including appeals, in state court to try and set aside the Tax Sale and to strike the Sheriff's Deed conveying the subject property to Malinowski and Tchorzewski. *See* Jung Yun v. Bank of America, N.A., 2016 WL 7324554 (M.D. Pa. Dec. 16, 2016); Gangoo v. Federal Home Loan Mortgage Corporation, 2017 WL 679972 (M.D. Pa. Feb. 21, 2017); Kush v. Bayview Loan Servicing, 2018 WL 3631871 (M.D. Pa. July 31, 2018). Additionally, plaintiff can continue to appeal the Tax Sale and his eviction authorized by the County Court to the Pennsylvania Superior Court. *Id*. Plaintiff does not indicate if he has availed himself of all of the state court remedies available to challenge the Tax Sale of his property and, he does not show that these remedies are somehow inadequate or ineffective.

Since the court finds that plaintiff has adequate available state court remedies to challenge the Tax Sale of his property, the Writ of Possession, and the Sheriff's Notice of his eviction, by filing appeals, he fails to state due process claims. *See* Jung Yun, 2016 WL 7324554; Gangoo, 2017 WL 679972; Kush, 2018 WL 3631871.

As discussed below, the court also finds it lacks subject matter jurisdiction over plaintiff's case insofar as he seeks to enjoin the Writ of Possession and his eviction from the subject property by the Sheriff and, that

Pennsylvania's claim preclusion doctrine bars his claims challenging the Tax Sale which further demonstrate that plaintiff does not have a likelihood of success on the merits.

Additionally, plaintiff has not shown immediate irreparable harm since monetary damages would be adequate to compensate him if, for some reason, the Tax Sale of his property was invalidated.

Thus, plaintiff's Petition, (Doc. 1), to the extent it is construed as a request for an emergency injunction to prevent his September 5, 2021 eviction from the subject property by the Monroe County Sheriff's Office, will be **DENIED**.

Moreover, the court finds it lacks subject matter jurisdiction over the plaintiff's due process claims filed pursuant to 28 U.S.C. §1331 challenging the Monroe County Tax Sale of the subject property and the judgment for possession obtained by Malinowski and Tchorzewski. The court can raise *sua sponte* subject matter jurisdiction issues. *See* Nesbit v. Gears Unlimited, Inc. 347 F.3d 72, 77 (3d Cir. 2003). Plaintiff's instant claims clearly relate to the Tax Sale as well as the judgment entered against him and the order allowing the Sheriff's to take possession of the subject property issued by the Monroe County Court. Essentially, plaintiff invites this court to conduct appellate review of the Orders, Writs and Judgment issued against him in the

Monroe County Court of Common Pleas. This court, a federal district court, does not have jurisdiction to review such state court final actions under the *Rooker-Feldman* doctrine. *See* Jung Yun, 2016 WL 7324554; Gangoo, 2017 WL 679972, Kush, 2018 WL 3631871. The court finds that the doctrine applies to plaintiff's due process claims since he is seeking redress for injuries caused by the state court judgments and orders and these claims stem directly from the Monroe County Court's Tax Sale and judgment for possession of the property, as well as the resulting Sheriff's Notice of plaintiff's eviction. Thus, this court would have to determine that the Monroe County Court's orders and judgment were erroneously entered in order to grant plaintiff the relief he seeks and it would have to take an action that would negate these orders and judgment.

The *Rooker-Feldman* doctrine "is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions." Goodson v. Maggi, 797 F.Supp.2d 587, 597 (W.D. Pa. 2011). The doctrine arose in the wake of two Supreme Court Cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and stands for the proposition that

> a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C.

§1257. *Goodson*, 797 F.Supp.2d at 597 (citing Feldman, 460 U.S. at 482) .... "This doctrine applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process and equal protection rights." *Goodson*, 797 F.Supp.2d at 597 (citing Feldman, 460 U.S. at 485-86 (citation omitted)).

Conklin v. Anthou, No. 1:10-CV-2501, 2012 WL 124989, at *2 (M.D. Pa. Jan. 17, 2012), *aff'd*, 495 Fed.Appx. 257 (3d Cir. 2012). There are four factors that must be satisfied for the *Rooker-Feldman* doctrine to apply:

> (1) the federal plaintiff lost in state court;
>
> (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
>
> (3) those judgments were rendered before the federal suit was filed; and
>
> (4) the plaintiff is inviting the district court to review and reject the state judgments.

Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Here, the plaintiff complains about an adverse Tax Sale and judgment from state court, as well as the subsequent purchase of his property and the August 24, 2021 Writ of Possession. Next, the plaintiff's allegations clearly

qualify as a complaint about the potential "irreparable" injury that the state court decisions and orders will cause. Plaintiff claims that the state court Tax Sale proceedings were invalid and that the Monroe County Court should not have entered judgment against his property and allowed the Sheriff's sale. All the requirements for the *Rooker-Feldman* doctrine are satisfied pertaining to these claims, and this court, therefore, does not have subject-matter jurisdiction over the plaintiff's stated claims. *See* Kawh v. PHH Mortgage Corp., 2016 WL 7163086 (E.D. Pa. Feb. 2, 2016) ("[The court] may not revisit the state court determinations underlying Plaintiff's instant Complaint nor may [it] interfere with Plaintiff's pending state court appeals.") (citing Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192-93 (3d Cir. 2006)) ("[I]f a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court."); Moncrief v. Chase Manhattan Mortgage Corp., 275 Fed.Appx. 149, 153 (3d Cir. 2008) ("[T]o the extent that [Plaintiff] seeks to 'appeal from' the state court's foreclosure judgment, the District Court correctly dismissed the claim under Rooker-Feldman."); Reiter v. Washington Mut. Bank, 2011 WL 2670949 (E.D. Pa. July 5, 2011), *aff'd* 455 Fed.Appx. 188 (3d Cir. 2011) ("The Rooker–Feldman doctrine prevents the lower federal courts from exercising jurisdiction over

cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'") (citations omitted); Jung Yun, 2016 WL 7324554; Gangoo, 2017 WL 679972.

Thus, to the extent plaintiff is also deemed as seeking to relitigate the Tax Sale proceedings instituted against him and the subject property in Monroe County Court by alleging that it was unlawful and the judgment of possession obtained by the new owners was void based on due process violations and lack of notice, these claims may not be barred by *Rooker-Feldman* but they are prohibited by Pennsylvania's preclusion doctrine. *See* Moncrief, 275 Fed.Appx. at 153. "Federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them." *Id*. (citation omitted); Easley v. New Century Mortg. Corp., 394 Fed.Appx. 946, 948 (3d Cir. 2010) ("In Pennsylvania, *res judicata* bars 'claims that were or *could have been raised*'")(citation omitted)(emphasis original). In Easley, 394 Fed.Appx. at 948, the Third Circuit held that plaintiff's claim was "based on allegations related to her mortgage, including events leading up to its execution, and events leading up to and including the foreclosure" and that it was barred under *res judicata*. As the Third Circuit stated in Moncrief, 275 Fed.Appx. at 153, Pennsylvania's claim preclusion is:

a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. [Claim preclusion] applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action. (citation omitted).

As in *Moncrief*, plaintiff's claims regarding the legality of the Monroe County proceedings, as detailed above, "are predicated on the same underlying transaction … that was the basis of the [Tax Sale] action." *Id*. (citation omitted). Thus, plaintiff's claim that the Tax Sale and subsequent proceedings were somehow illegal, as specified above, "is precluded because it is based on the same transaction as the [Tax Sale], and [he] could have raised it in that action." *Id*. at 154 (citation omitted); Gangoo, 2017 WL 679972.

Moreover, the Anti-Injunction Act, 28 U.S.C. §2283, also applies and precludes the court from granting injunctive relief in this case. *See* Jung Yun, 2016 WL 7324554; Gangoo, 2017 WL 679972. The Anti-Injunction Act deprives federal district courts the ability to "grant an injunction to stay proceedings in a State court." §2283. There are three narrow exceptions that allow a federal court to grant equitable relief, but the court finds that all three are inapplicable to the present case. *See Reiter, supra.* Because the court

16

lacks jurisdiction to hear the plaintiff's stated claims and also lacks authority to grant the relief that the plaintiff requests with respect to these claims, his request for injunctive relief preventing his September 5, 2021 eviction from the subject property by the Sheriff's Office will be denied. *See* Wardi, 248 F.Supp.3d at 654 n. 2. *See also* Frankel v. Guzman, 2020 WL 6161512 (E.D. Pa. Oct. 21, 2020) (Holding that "several district courts in th[e] [Third] Circuit have held that '[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings.'" McMillan v. Nationstar Mortg. Co., 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing Coppedge v. Conway, 2015 WL 168839, at *1–2 (D. Del. Jan. 12, 2015) (Anti-Injunction Act prohibited federal court from enjoining sheriff's sale ordered by state court)); *see also* Rhett v. Div. of Hous., Dep't of Cmty. Affairs, 2014 WL 7051787, at *3 (D. N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); E. Liggon-Redding v. Generations, 2014 WL 2805097, at *2 (D. N.J. June 20, 2014) (holding that under the Anti–Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions"); Mason v. Bank of Am., N.A., 2013 WL 5574439, at *7 (E.D. Pa. Oct. 19, 2013) ("Courts within the Eastern

17

District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti–Injunction Act.")).

As such, the plaintiff's due process claims in his Petition, (Doc. 1), will be **DISMISSED WITH PREJUDICE** since the court lacks jurisdiction over them.[3]

## III. CONCLUSION

In light of the above, the plaintiff's request for injunctive relief in his Petition, **(Doc. 1)**, construed as an emergency request to prevent his September 5, 2021 eviction from the subject property by the Monroe County

---

[3] The court also notes that insofar as plaintiff names both Monroe County and the Monroe County Sheriff's Department as defendants, these parties are redundant and the County alone would be the proper party. *See* Merritt v. Hartman, 2019 WL 2600953 (E.D. Pa. June 25, 2019) ("Claims against a county Sheriff's Department are treated as claims against the county itself." (citing Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n. 4 (3d Cir. 1997)). Further, to state a constitutional claim against the County plaintiff would be required to conform his pleading to Monell v. Dept. of Social Servs., 436 U.S. 658 (1978), and his Petition fails to state any cognizable claim of municipal liability. *See id*. Regardless, the court finds futility in allowing plaintiff leave to amend his Petition due to the court's lack of subject matter jurisdiction over this action and due to the Anti–Injunction Act.

The court also finds that plaintiff fails to sufficiently allege the personal involvement of Sheriff Ken Morris with respect to his constitutional claims as required. *See Sutton, supra*.

Sheriff's Office, is **DENIED**. The plaintiff's due process claims in his Petition,

**(Doc. 1)**, are **DISMISSED WITH PREJUDICE**. An appropriate order will

issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE**: **September 2, 2021**
21-1505-02

19